IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE COREA-ARGUETA, :<br>  :<br> Plaintiff, :<br>  :<br> -against- :<br>  :<br> MECCON INDUSTRIES, INC., :<br>  :<br> Defendant. :<br>  : | CIVIL ACTION NO. _____ |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Meccon Industries, Inc. ("Meccon"), Defendant in the above-captioned matter, by its attorneys, Cohen, Seglias, Pallas, Greenhall & Furman, P.C., hereby removes this civil action pending in the Supreme Court of the State of New York, County of Queens, Index No. 703353/2022 (the "State Court Action"), to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice of Removal, Meccon states as follows:

1. On or about February 11, 2022, plaintiff, Jose Corea-Argueta ("Plaintiff") commenced the State Court Action against Meccon by filing a Summons and Complaint with the Clerk of the Supreme Court of the State of New York, County of Queens. A copy of the Summons and Complaint are attached as **Exhibit A**.

2. Meccon is a corporation organized under the laws of the State of Delaware and has a principal place of business located at 2703 Bernice Road, P.O. Box 206, Lansing, Illinois 60438-0206.

3. Upon information and belief, Plaintiff, resides in Suffolk County, New York.

4. Plaintiff claims to have served Meccon with the Summons and Complaint through

the Secretary of State of the State of New York on or about February 24, 2022.

5. Meccon never received service of the Summons and Complaint from the Secretary of State of the State of New York.

6. Rather, the first notice of the Summons and Complaint received by Meccon was on April 22, 2022, when counsel for Plaintiff served a copy of the Summons and Complaint directly on Meccon, and its counsel. A copy of the April 22, 2022, correspondence is attached to **Exhibit A**.

7. Although Plaintiff has not specified in his Complaint the monetary amount of damages he is seeking against Meccon, Plaintiff's Complaint states that Plaintiff "has been damaged in an amount exceeding the jurisdiction of all lower courts." **See Exhibit A**, ¶¶ 23, 27 and 31.

8. Pursuant to 28 U.S.C. §§ 1332(a) and (c), this Court has subject matter jurisdiction over the instant matter because it is a civil action between citizens of different states wherein the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Accordingly, this action may be removed to this Court by Meccon pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

10. Complete diversity of citizenship exists, for the following reasons:

    a. Plaintiff is a citizen of the State of New York; and

    b. Meccon is a citizen of the State of Delaware, its state of incorporation, and maintains its principal place of business in the State of Illinois.

11. By filing the instant Notice of Removal, Meccon does not waive any defenses and/or rights that may be available to Meccon.

12. This Notice is timely having been filed within thirty (30) days of the date of "service

or otherwise," 28 U.S.C. § 1446(b)(1), of the Complaint setting forth the claims for relief upon which the instant action is based.

13. Counsel for Meccon will provide prompt notice of the removal of this action to Plaintiff and the Supreme Court of the State of New York, County of Queens, by filing a "Notice of Removal of Action," together with a copy of this Notice of Removal, in the Supreme Court of the State of New York, County of Queens, and by serving same upon Plaintiff, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Notice is hereby given that the above-captioned action is removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York.

                COHEN SEGLIAS PALLAS
                GREENHALL & FURMAN, P.C.

By: _____
     Michael F. McKenna, Esq.
     One Newark Center
     1085 Raymond Boulevard, 21st Floor
     Newark, New Jersey 07102
     *Attorney for Defendant, Meccon Industries, Inc.*

Date: May 3, 2022

TO:   THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK

ON NOTICE TO:

    Clerk, Supreme Court of the State of New York
    County of Queens
    Queens Supreme Court Building
    88-11 Sutphin Boulevard
    Jamaica New York, 11435.

Rebecca Fortney, Esq.
Law Office of Frank A. Cetero
510 Sunrise Highway
West Babylon, New York 11704
*Attorneys for Plaintiff, Jose Corea-Argueta*

# EXHIBIT A



## LAW OFFICES OF
## FRANK A. CETERO, ESQ.

April 21, 2022

Meccon Industries, Inc.
c/o John D. Curran
2703 Bernice Road
Lansing, Illinois 60438

      Re:    Jose Corea-Argueta v. Meccon Industries, Inc.
              Index No. 703353/22
              Date of Accident:  3/29/19

Dear Mr. Curran:

      We served the Defendant, Meccon Industries, Inc., with a Summons and Complaint in the above matter on February 24, 2022.  A copy of the Affidavit of Service as well as the Summons and Complaint are enclosed for your review.  To date, we have not received an answer from you or your attorneys.

      If we do not receive an answer within the next fourteen (14) days, we will seek a default judgment against you for the full amount of our client's claim for damages.

      Please give this matter your immediate attention.

                                            Very truly yours,

                                            Kimberly Abramowitz
                                            Paralegal

cc:    Allied World Assurance Corp.
       Attn:  Martin Dyrkacz, Via E-mail:  martin.dyrkacz@awac.com

       Cohen Seglias Pallas Greenhall & Furman
       Attn:  Michael F. McKenna, Esq., Via E-mail:  mmckenna@cohenseglias.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
JOSE COREA-ARGUETA,

                Plaintiff,

    -against-

MECCON INDUSTRIES, INC.,

                Defendant.
-----------------------------------------------------------------X

Index No. 703353/22
Date Purchased: 2/14/22

**SUMMONS**

The basis of venue is:
Location of Occurrence-
where acts/omissions giving
rise to the claim occurred.

JFK Airport
Van Wyck Expressway
Jamaica, New York

To the above named Defendants:

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is the complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: West Babylon, New York
       February 11, 2022

                                            _____
                                            LAW OFFICE OF FRANK A. CETERO
                                            BY: REBECCA FORTNEY
                                            Attorney for Plaintiff
                                            510 Sunrise Highway
                                            West Babylon, New York 11704
                                            (631) 539-9950

TO:    MECCON INDUSTRIES, INC.
          c/o New York Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
JOSE COREA-ARGUETA,                           Index No. 703353/22

              Plaintiff,
                                                            **COMPLAINT**

    -against-

MECCON INDUSTRIES, INC.,

             Defendant.
------------------------------------------------------------------X

       Plaintiff, by his attorney, Law Office of Frank A. Cetero, complaining of the Defendant above named, alleges upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times hereinafter mentioned, Plaintiff, JOSE COREA-ARGUETA, was and still is a resident of the County of Suffolk, State of New York.

2. That at all times hereinafter mentioned, and upon information and belief, Defendant, MECCON INDUSTRIES, INC., was and still is a foreign business corporation duly authorized to do business in the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, MECCON INDUSTRIES, INC., was hired and/or retained to act as the general contractor and/or construction manager with respect to certain work, repairs, construction and renovations at John F. Kennedy International Airport, Jamaica, New York.

4. Upon information and belief, at all times hereinafter mentioned, the Defendant, MECCON INDUSTRIES, INC., maintained the premises aforementioned.

5. Upon information and belief, at all times hereinafter mentioned, the Defendant, MECCON INDUSTRIES, INC., controlled the premises aforementioned.

6. Upon information and belief, at all times hereinafter mentioned, the Defendant, MECCON INDUSTRIES, INC., managed the premises aforementioned.

7. Upon information and belief, on March 29, 2019, and at all times hereinafter mentioned, the Defendant, MECCON INDUSTRIES, INC., inspected the aforementioned premises.

8. At all times hereinafter mentioned, Plaintiff, JOSE COREA-ARGUETA, was an employee of a non-party, Peter Scalamandre & Sons.

9. At all times hereinafter mentioned, Plaintiff, JOSE COREA-ARGUETA, was an employee, as defined by the laws of the State of New York, of Peter Scalamandre & Sons, performing certain work, labor and/or services at the premises aforementioned.

10. That at all times hereinafter mentioned and prior thereto, Defendant, MECCON INDUSTRIES, INC., had retained Plaintiff's employer as an independent contractor to perform work, labor and/or services upon the aforementioned premises.

11. That at all times hereinafter mentioned and prior thereto, Plaintiff, JOSE COREA-ARGUETA, was lawfully upon the premises aforementioned performing labor and/or services.

12. That at all times hereinafter mentioned and prior thereto, the Defendant, MECCON INDUSTRIES, INC., its agents and/or employees had the duty to provide Plaintiff with a safe place to work.

13. At all times hereinafter mentioned, the Defendant, its agents, servants and/or employees were in violation of the provisions of the Labor Laws of the State of New York and specifically Sections 200 and 241(6) thereof.

14. On March 29, 2019, the Plaintiff, JOSE COREA-ARGUETA, was lawfully and carefully working at the aforementioned premises, when he was caused to sustain the injuries hereinafter set forth, solely and wholly as a result of the negligence of the Defendant.

15. The aforesaid accident and resulting injuries sustained by this Plaintiff were caused by reason of the negligence of the Defendant and its failure to comply with applicable laws, ordinances and regulations.

16. At all times hereinafter mentioned, the Defendant carelessly, negligently and recklessly, suffered and permitted the aforesaid building, structure, fixtures and appurtances therein to become and remain in a defective, dangerous and hazardous condition. The Defendant, its agents, servants and/or employees were negligent, reckless and careless in the ownership, operation, possession, control, construction, repair, renovation, rehabilitation, and inspection of the aforesaid premises in that they failed to provide the plaintiff with a safe place to work; failed to provide the Plaintiff with a hazard free work place; failed to warn the Plaintiff of a dangerous and/or hazardous condition; failed to provide the Plaintiff with proper protection, so placed, secured and erected so as to provide for the Plaintiff's safety; failed to reveal latent defects and hidden dangers and hazards to Plaintiff that they knew of or should have known of by reasonable inspection or themselves created; failed to provide the Plaintiff with proper and approved safety devices to prevent the Plaintiff from being injured; in allowing the aforesaid premises to become and remain in a defective, dangerous and hazardous condition; and otherwise failed to take the proper precautions and care under the circumstances then existing.

17. At all times hereinafter mentioned, the Defendant, its agents, servants and/or employees were negligent and careless in that they violated their duty to the public and to this Plaintiff, JOSE COREA-ARGUETA, in particular, and knowingly, suffering and allowing the aforesaid premises, to remain in a defective and dangerous condition and were further negligent in failing to take suitable precautions for the safety of said persons lawfully at said premises.

18. The Defendant had actual and constructive notice of the defective and dangerous conditions prior to the happening of the accident alleged herein.

19. The Plaintiff claims an exclusion from the abolition of joint and several liability pursuant to Article 16 of the C.P.L.R. of the State of New York.

20. By reason of the foregoing and the negligence of the said Defendants Plaintiff, JOSE COREA-ARGUETA, is informed and verily believes, his injuries are permanent in nature and he will be caused to suffer permanent disability and continuous pain and inconvenience.

21. By reason of the foregoing, this Plaintiff, JOSE COREA-ARGUETA, was compelled to obtain and did necessarily require medical attention and medicines and did necessarily pay and become liable and therefor and upon information and belief, the Plaintiff, JOSE COREA-ARGUETA, will necessarily incur in the future similar expenses.

22. By reason of the foregoing, the Plaintiff, JOSE COREA-ARGUETA, has been unable to attend to his usual occupation and avocation in the manner required.

23. As a result of the Defendant's negligence as aforesaid, the Plaintiff, JOSE COREA-ARGUETA, has been damaged in an amount exceeding the jurisdiction of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in the First Cause of Action of this complaint with the same force and effect as though more fully set forth herein at length.

25. That based upon the foregoing, Defendant failed to provide Plaintiff with a safe place to work as required by Section 200 of the Labor Law of the State of New York.

26. That by reason of the negligence of the Defendant as aforesaid, the said Defendant violated Section 200 of the Labor Law of the State of New York.

27. By reason of the foregoing, Plaintiff, JOSE COREA-ARGUETA, has been damaged in an

4

amount exceeding the jurisdiction of all lower courts.

## AS AND FOR A THIRD CAUSE OF ACTION

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in the First and Second Cause of Action of this complaint with the same force and effect as though more fully set forth herein at length.

29. That by reason of the negligence of the Defendant as aforesaid, the said Defendant violated Sections of Rule 23 of the Industrial Code of the State of New York.

30. That by reason of the foregoing acts and omissions of the Defendant, including violations of the Industrial Code Rule 23 set forth above, the said Defendants violated Section 241(6) of the Labor Law of the State of New York.

31. By reason of the foregoing, Plaintiff, JOSE COREA-ARGUETA, has been damaged in an amount exceeding the jurisdiction of all lower courts.

**WHEREFORE**, the Plaintiff, JOSE COREA-ARGUETA, demands judgment against the Defendant, on the first cause of action in a sum exceeding the jurisdictional limit of all lower courts; on the second cause of action in a sum exceeding the jurisdictional limit of all lower courts; and on the third cause of action in a sum exceeding the jurisdictional limit of all lower courts; together, with interest, costs and disbursements of this action.

Dated: West Babylon, New York
February 11, 2022

*[signature]*
LAW OFFICE OF FRANK A. CETERO
BY: REBECCA FORTNEY
Attorney for Plaintiff
510 Sunrise Highway
West Babylon, New York 11704
(631) 539-9950

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK
                    ss.:
COUNTY OF SUFFOLK

Jose Corea-Argueta, being duly sworn deposes and says:

I am the plaintiff(s) herein; I have read the annexed COMPLAINT and know the contents thereof and the same are true to my knowledge, except those matter therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

J.R.C.A
JOSE COREA-ARGUETA

Sworn to before me this
14th day of February, 2022

Notary Public

Kimberly Abramowitz
Notary Public, State of New York
No. 01AB6061880
Commission Expires 6/17/22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X
JOSE COREA-ARGUETA,

                        Plaintiff,                    Index No. 703353/22

- against –

MECCON INDUSTRIES, INC.,

                        Defendant.

---------------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

      PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

      NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

      Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

      The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

      **Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646- 386-3033; e-mail: efile@nycourts.gov).

Dated: West Babylon, New York
February 11, 2022

*[signature]*
LAW OFFICE OF FRANK A. CETERO
BY: REBECCA FORTNEY
Attorney for Plaintiff
510 Sunrise Highway
West Babylon, New York 11704
(631) 539-9950
rebeccaf@lawisland.com

TO: MECCON INDUSTRIES, INC.
c/o New York Secretary of State

 

# NYSCEF Confirmation Notice
## Queens County Supreme Court

The NYSCEF website has received an electronic filing on 02/14/2022 05:23 PM. Please keep this notice as a confirmation of this filing.

**Index Number NOT assigned**
**Jose Corea-Argueta v. Meccon Industries, Inc.**
**Assigned Judge: None Recorded**

**Documents Received on   02/14/2022 05:23 PM**

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

### Filing User

Rebecca Jeanne Fortney | rebeccaf@lawisland.com
510 Sunrise Hwy, West Babylon, NY 11704

### E-mail Notifications

An email regarding this filing has been sent to the following on 02/14/2022 05:23 PM:

REBECCA J. FORTNEY - rebeccaf@lawisland.com

### Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | Meccon Industries, Inc. | No consent on record. |

*Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

Audrey I. Pheffer, Queens County Clerk and Clerk of the Supreme Court - apheffer@nycourts.gov
Phone: 718-298-0173, 718-298-0601    Website: https://www.nycourts.gov/COURTS/11jd/queensclerk

NYSCEF Resource Center, nyscef@nycourts.gov
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK
COUNTY OF QUEENS

SUPREME COURT   FILED ON: 02/14/2022   INDEX NO.: 703353/22

JOSE COREA-ARGUETA

Plaintiff(s)-Petitioner(s)

-vs-

MECCON INDUSTRIES, INC.

Defendant(s)-Respondent(s)

---

STATE OF NEW YORK }
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY being duly sworn, deposes and says that deponent is over the age of eighteen years, is not a party in this proceeding and resides in New York State.

On FEBRUARY 24, 2022 at 11:55 A.M.
Deponent served two true copies of **NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING, SUMMONS AND COMPLAINT**

bearing index number: 703353/22      and date of filing: 02/14/2022
upon **MECCON INDUSTRIES, INC.**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

## MANNER OF SERVICE}

*Personal*
☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒ By delivering and leaving 2 copies with} **SUE ZOUKY, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 306 BCL and tendering the required fee. Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above. Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*
☐ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address
on           . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by __ first class mail __ certified mail __ registered mail __ return receipt requested.

DESCRIPTION} deponent describes the person actually served as:
Sex: FEMALE          Race/Skin Color: WHITE           Hair Color: BLONDE
Approximate Age: 60 years   Approximate Height: 5'0"   Approximate Weight: 125 pounds
Other:

Subscribed and sworn before me on} FEBRUARY 24, 2022

Notary Public, State of New York
Karen E. Rock
Qualified in Schenectady County
Number 01R06065213
Expires: October 9, 2025

Attorney:
Law Office of Frank A. Cetero, Esq.
510 Sunrise Highway
West Babylon, NY 11704
631-539-9950

MARK E. MCCLOSKY
Deponent

affidavit #: 247705
NLS#: 22-1360

FIRM FILE # 2267252